IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2019 Session

**ANGELA DOTSON v. STATE OF TENNESSEE**

Appeal from the Tennessee Claims Commission
No. T20171857     William E. Young, Commissioner

———————————————

No. E2019-00325-COA-R9-CV

———————————————

Plaintiff filed a complaint asserting a health care liability claim against the state and attached a certificate of good faith.  The Tennessee Claims Commission found that the certificate of good faith failed to satisfy the requirements of Tenn. Code Ann. § 29-26-122 because it was not specific as to the state health care provider.  Despite this finding, the court concluded that the statute was satisfied because the complaint contained the certificate of good faith language and identified the state health care provider.  The state then filed this interlocutory appeal.  We reverse.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Claims Commission Reversed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Heather C. Ross, Senior Assistant Attorney General, for the appellant, State of Tennessee.

Michael Emory Large, Bristol, Tennessee, for the appellee, Angela Dotson.

**OPINION**

I. FACTUAL AND PROCEDURAL BACKGROUND

Angela Dotson gave birth to a baby on June 1, 2016.  Tragically, the baby died the following day from complications during the delivery.  On May 26, 2017, Ms. Dotson filed a claim for damages against the state of Tennessee in the Division of Claims Administration.  She based her claim against the state on the actions of one of her treating

physicians during the delivery, Dr. Kiana Brooks, a resident physician and state employee.

On August 25, 2017, the Division of Claims Administration notified Ms. Dotson that it had not been able to act on her claim within ninety days so her claim was being transferred to the Claims Commission. The clerk of the Claims Commission informed Ms. Dotson on September 6, 2017, that she must file a complaint with the Claims Commission "within thirty days of transfer of any claim to the Commission."[1] Ms. Dotson filed her complaint with a certificate of good faith on October 6, 2017, alleging that Dr. Brooks's negligence caused the death of her baby. She also alleged the negligence of other non-state employee health care providers whom she had sued in a separate lawsuit in Washington County Law Court: Dr. Selman Welt and a private hospital. Throughout her complaint, Ms. Dotson refers to Dr. Welt and the private hospital as "The Defendants."

The certificate of good faith Ms. Dotson filed with her complaint in the Claims Commission contains the caption of the lawsuit she filed in the Washington County court. Ms. Dotson identified Dr. Welt and the private hospital in the certificate of good faith, but she made no mention of Dr. Brooks. In addition to filing a certificate of good faith, Ms. Dotson stated in the complaint as follows:

> 22. Plaintiff's counsel has also consulted with one (1) or more experts who have provided a signed, written statement confirming that upon information and belief they: (a) Are competent under Section 29-26-115 to express opinion(s) in this case; and (b) Believe, based upon the information available from the medical records concerning the care and treatment of the Plaintiff for the incident(s) at issue, that there is a good faith basis to maintain the action consistent with the requirements of Section 29-26-115.
>
> 23. Plaintiff's counsel has been found in violation of T.C.A. Section 29-26-122 zero (0) prior times.
>
> 24. Out of an abundance of caution, a signed and completed Certificate of Good Faith that mirrors the information contained in paragraphs 22-23 above is attached as **Exhibit 3**.

On November 6, 2017, the state filed a motion to dismiss the complaint pursuant to Tenn. R. Civ. P. 12.02(6). The state argued that Ms. Dotson's claim should be dismissed because the certificate of good faith failed to satisfy the requirements of Tenn. Code Ann. § 29-26-122 (requirements discussed below) because it did not specifically

---

[1] The record contains no evidence showing the specific date when Ms. Dotson's claim was transferred to the Claims Commission.

identify Dr. Brooks. The state further argued that the claim should be dismissed as time-barred because Ms. Dotson failed to file the complaint and certificate of good faith within one year and 120 days.[2] Specifically, the state asserted that, to fall within the one-year statute of limitations, Ms. Dotson needed to file her complaint by June 2, 2017. Because she complied with the pre-suit notice requirement in Tenn. Code Ann. § 29-26-121, the state submitted, Ms. Dotson was entitled to the 120-day extension, which required her to file her complaint by October 2, 2017 rather than October 6.

The Claims Commission entered an order on November 26, 2018, denying the state's motion. The Commission found that the certificate of good faith Ms. Dotson had filed with the complaint failed to satisfy the requirements of Tenn. Code Ann. § 29-26-122 because it contained no information that could reasonably be interpreted or construed as relating to Dr. Brooks. Despite this finding, however, the Commission determined that Ms. Dotson satisfied the requirements of the statute because paragraph 22 of the complaint tracks the language of the statute "virtually verbatim" and because Ms. Dotson made specific reference to Dr. Brooks within the body of the complaint.

Regarding the statute of limitations issue, the Claims Commission concluded that the procedure for initiating a claim in the Claims Commission under Tenn. Code Ann. § 9-8-402[3] governed this case rather than the statutorily mandated requirements contained in the Health Care Liability Act, Tenn. Code Ann. §§ 29-26-101 to -122. The Claims Commission further concluded that a claim "reaches the jurisdiction of the Commission without the filing of a formal complaint"; all that was required to commence the action was written notice of the claim. Thus, the Claims Commission found that the claim was timely filed because Ms. Dotson commenced the action when she filed her notice of claim for damages in the Division of Claims Administration on May 26, 2017, rather than when she filed her complaint on October 6, 2017.

---

[2] Tennessee Code Annotated section 28-3-104(a) provides that personal injury claims must be commenced "within one (1) year after the cause of action accrued." In health care liability actions, this one-year statute of limitations is extended "for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations" if a plaintiff gives pre-suit notice. Tenn. Code Ann. § 29-26-121(c).

[3] Tennessee Code Annotated section 9-8-402 provides, in pertinent part, as follows:

> (a)(1) The claimant must give written notice of the claimant's claim to the division of claims and risk management as a condition precedent to recovery . . . .
> . . . .
> (b) The claim is barred unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises; . . . The filing of the notice by the claimant tolls all statutes of limitations as to other persons potentially liable to the claimant due to the occurrence from which the claim before the commission arises.

The Claims Commission granted the state permission to seek an interlocutory appeal to this Court, which we granted on May 3, 2019. On appeal, the state raises the following issues: whether the Claims Commission erred in concluding that Ms. Dotson complied with the certificate of good faith requirement provided in Tenn. Code Ann. § 29-26-122 and whether the Claims Commission erred in concluding that the claim was not time-barred.

## II. STANDARD OF REVIEW

The appropriate method for challenging whether a plaintiff complied with Tenn. Code Ann. § 29-26-122 is a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012). Motions to dismiss filed pursuant to Tenn. R. Civ. P. 12.02(6) challenge "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). A defendant filing "a motion to dismiss 'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id.* (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). A court resolves a Rule 12.02(6) motion "by examining the pleadings alone." *Ellithorpe v. Weismark*, 479 S.W.3d 818, 824 (Tenn. 2015).

When determining whether a complaint should be dismissed for failure to state a claim, the court "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)). The court should grant a motion to dismiss if it appears that the plaintiff cannot prove any set of facts in support of the claim entitling him or her to relief. *Webb*, 346 S.W.3d at 426. A trial court's decision to grant or deny a motion to dismiss involves a question of law which we review de novo with no presumption of correctness. *Myers*, 382 S.W.3d at 307.

## III. ANALYSIS

### *Certificate of Good Faith*

The first issue before us is whether the Claims Commission erred in concluding that Ms. Dotson complied with the certificate of good faith requirement in Tenn. Code Ann. § 29-26-122. To resolve this issue, we must construe Tenn. Code Ann. § 29-26-122(a). When construing a statute, we do so in accordance with well-settled principles that our Supreme Court has articulated as follows:

> The leading rule governing our construction of any statute is to ascertain and give effect to the legislature's intent. To that end, we start with an

- 4 -

examination of the statute's language, presuming that the legislature intended that each word be given full effect. When the import of a statute is unambiguous, we discern legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning."

*Myers*, 382 S.W.3d at 308 (citations omitted). Statutory construction presents a question of law that we review de novo with no presumption of correctness. *Groves v. Colburn*, No. M2012-01834-COA-R3-CV, 2013 WL 3964758, at *2 (Tenn. Ct. App. July 30, 2013) (citing *Estate of French v. Stratford House*, 333 S.W.3d 546, 554 (Tenn. 2011)).

Tennessee Code Annotated section 29-26-122(a) provides, in pertinent part, as follows:

In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:
(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:
   (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and
   (B) Believe based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115[.]

Our Supreme Court has previously held that "the filing of a certificate of good faith with a complaint is mandatory, and strict compliance is required." *Groves*, 2013 WL 3964758, at *3 (citing *Myers*, 382 S.W.3d at 308); *see also Sirbaugh v. Vanderbilt Univ.*, 469 S.W.3d 46, 51 (Tenn. Ct. App. 2014). The certificate of good faith must certify that an expert has reviewed the alleged facts and claims specific to a particular defendant and that the expert believes there is a good faith basis for maintaining a claim against that defendant. *See Sirbaugh*, 469 S.W.3d at 53 (holding that the plaintiff violated Tenn. Code Ann. § 29-26-122 when she amended her complaint to add defendants but failed to file a second certificate of good faith with her amended complaint certifying that an expert had reviewed the facts and claims specific to the new defendants and their belief

that there was a good faith basis for maintaining a claim against them); *see also Groves*, 2013 WL 3964758, at \*3 (affirming dismissal of plaintiff's claim against a medical provider added in plaintiff's amended complaint because plaintiff failed to file a new certificate of good faith with the amended complaint certifying that an expert reviewed the facts and believed there was a good faith basis to maintain a cause of action against the new defendant).

In the present case, Ms. Dotson filed a certificate of good faith with her complaint, but it was captioned under the lawsuit she filed in the Washington County court and identifying only Dr. Welt and the private hospital as defendants. Thus, as the Claims Commission found, the certificate of good faith failed to satisfy Tenn. Code Ann. § 29-26-122 because it did not certify that an expert had reviewed the alleged facts and claims specific to Dr. Brooks and believed there was a good faith basis for maintaining a cause of action against her. Despite this finding, the Claims Commission concluded that Ms. Dotson complied with the statute because "[p]aragraph 22 of the complaint tracks the language of Tenn. Code Ann. §§ 29-26-122(a)(1)(A) and (B) virtually verbatim." The Commission explained that it based its conclusion on the following:

> While the statute may or may not suggest or imply the use of a totally separate "certificate" document, in the view of this Tribunal, the statute does not specifically contain a literal requirement mandating that a separate document be utilized. In the opinion of this Tribunal, while the use of a separate document may be a preferred method, neither the intent nor the literal substance of the statute is violated by the use of the required language within the body of the complaint itself, when, as here, it is accompanied by the signature of counsel on the complaint document itself.

On appeal, Ms. Dotson asserts that the Claims Commission properly interpreted the statute because Tenn. Code Ann. § 29-26-122 does not require the certificate of good faith to be a separate document. Thus, she argues, the statute is satisfied by merely including the certificate of good faith language in the complaint. For the reasons discussed below, we respectfully disagree.

We begin with the language of the statute itself. Tennessee Code Annotated section 29-26-122(a) expressly states that "the plaintiff or plaintiff's counsel shall file a certificate of good faith *with* the complaint." (Emphasis added). "With" is defined as "[a] word denoting a relation of proximity, contiguity, or association. Sometimes equivalent to the words, 'in addition to,' but not synonymous with 'including.'" BLACK'S LAW DICTIONARY (5th ed. 1979) (citation omitted). Thus, the natural and ordinary meaning of the statute's words clearly and unambiguously requires that the certificate of good faith be a document that is filed in addition to and contiguous to the complaint. In other words, when a plaintiff files a complaint in a health care liability action in which expert testimony is required, Tenn. Code Ann. § 29-26-122(a) requires that a certificate

of good faith be attached to the complaint as a separate document. Our conclusion that the certificate of good faith is a separate document attached to the complaint is buttressed by subsection (d)(5), which provides that "[t]he administrative office of the courts shall develop a certificate of good faith form to effectuate the purposes of this section." Tenn. Code Ann. § 29-26-122(d)(5). Because strict compliance is required with respect to Tenn. Code Ann. § 29-26-122(a), *Groves*, 2013 WL 3964758, at *3, inclusion of the certificate of good faith language within the body of the complaint is insufficient to satisfy the certificate of good faith requirement.

When the Claims Commission determined that the certificate of good faith Ms. Dotson attached to her complaint failed to satisfy the requirements of Tenn. Code Ann. § 29-26-122(a) with regard to the claim against Dr. Brooks, dismissal of the claims against the state was mandated. *See Sirbaugh*, 469 S.W.3d at 53 (holding that dismissal of claims against two healthcare providers was mandated because the plaintiff failed to comply with Tenn. Code Ann. § 29-26-122). We agree with the Claims Commission that the certificate of good faith did not meet the statutory requirements. Because the certificate must be a separate document from the complaint, we conclude that the Claims Commission erred in denying the state's motion to dismiss Ms. Dotson's complaint pursuant to Tenn. R. Civ. P. 12.02(6).

Our decision regarding the above issue pretermits consideration of the other issue presented.

IV. CONCLUSION

For the foregoing reasons, the judgment of the Claims Commission is reversed. The matter is remanded to the Claims Commission for entry of an order dismissing the complaint. Costs of this appeal are assessed against the appellee, Angela Dotson, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE